UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PMA COMPANIES,<br><br>                        Plaintiff,<br><br>v.<br><br>GENOX TRANSPORTATION, INC.;<br>APPLIED LNG TECHNOLOGIES, LLC;<br>LAIRD TRANSPORTATION, LLC; and<br>DOES 1 to 20, inclusive,<br><br>                      Defendants. | Case No.: 20-CV-2540 JLS (RBM)<br><br>**ORDER GRANTING CLEANCOR LNG, LLC'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**<br><br>(ECF No. 39) |

Presently before the Court is Third-Party Defendant Cleancor LNG, LLC's ("Cleancor") Motion for Leave to File Third-Party Complaint ("Mot.," ECF No. 39). No Party filed an opposition to the Motion. *See generally* Docket. Cleancor seeks leave to file a third-party complaint against Phillips Cattle Company ("Phillips"), which is a cattle and feed company insured by Plaintiff PMA Companies ("PMA"). *See generally* Mot.

## BACKGROUND

This is a subrogation action by PMA, an insurer of Phillips, to recover insurance benefits paid for damages to Phillips's property as a result of a fire that occurred on Phillips's premises on or about May 15, 2019. *See* ECF No. 1-2 ("Compl.") ¶ 1. PMA

1

alleges that Phillips contracted with Applied LNG Technologies, LLC ("Applied") to deliver liquid natural gas to Phillips's grain milling facility. *Id.* ¶ 9. Applied allegedly subcontracted with GenOx Transportation, Inc. ("GenOx") and Laird Transportation, LLC, ("Laird") to complete the delivery. *Id.* ¶ 3. PMA claims that Defendants were negligent during the unloading process of the liquid natural gas, which caused a fire and damaged Phillips's property. *Id.* ¶¶ 14, 16. PMA asserts claims for negligence, negligence per se, and strict liability against Applied, GenOx, and Laird. *See generally id.*

On December 31, 2020, GenOx filed for removal of PMA's action to this Court. *See* ECF No. 1. On January 29, 2021, Applied filed a third-party action against Cleancor for contractual indemnity and declaratory relief. *See* ECF No. 9. Pursuant to Federal Rule of Civil Procedure 14(a)(1), Cleancor moves for leave to file a third-party complaint against Phillips for contractual indemnity, breach of contract, and declaratory judgment pursuant to the parties' contract. *See generally* Mot.

## LEGAL STANDARD

Rule 14(a)(1) provides, in pertinent part, that with the court's leave, "a defending party may, as third-party plaintiff, serve summons and complaint on a non party who is or may be liable to it for all or part of the claim against it." Accordingly, a third-party claim may be asserted under Rule 14(a)(1) only when the third-party's liability is in some way dependent on the outcome of the main claim, or when the third-party is secondarily liable to the defending party. *See Stewart v. Am. Int'l Oil and Gas Co.*, 845 F.2d 196, 199–200 (9th Cir. 1988). In other words, a defendant bringing a third-party claim must be attempting to transfer to the third-party a liability asserted by the original plaintiff against that defendant. *Id.* at 200; C. Wright, et al., 6 Federal Practice and Procedure § 1446 (3d ed. 2018).

Whether to grant a Rule 14(a)(1) impleader motion rests in the sound discretion of the trial court. *United States v. One Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). "In a non-exhaustive list of considerations, the court will seek to balance the benefits afforded by liberal federal third-party practice against the possible prejudice to the plaintiff

and the third-party defendant, complexity of the issues, likelihood of delay, and timeliness of the motion to implead." *Three Rivers Provider Network, Inc. v. Jett Integration*, No. 14cv1092 JM (KSC), 2015 WL 859448, at *7 (S.D. Cal. Feb. 27, 2015) (citing *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000)).

## ANALYSIS

Here, Cleancor satisfies the requirements for impleader. With respect to Rule 14's derivative liability requirement, the basis for Cleancor's proposed complaint is that Cleancor leased a liquid natural gas tank trailer to Phillips, and that the lease agreement included an indemnity clause. *See* Ex. A ¶¶ 7, 9, ECF No. 39-2. Cleancor alleges the agreement requires Philips to defend or indemnify Cleancor "for any claims arising from or relating to injury to any personal property, from whatever the cause, by reason of any spill or leak." *Id.* ¶ 9. In its third-party complaint against Cleancor, Applied alleges Cleancor is at least partially liable for the fire at issue in this action because of Cleancor's failure to comply with safety procedures related to the tank trailer. *See* ECF No. 9, ¶ 6. The allegations set forth in Cleancor's proposed third-party complaint could possibly impose liability on Phillips. Accordingly, without addressing the merits or ultimate viability of the third-party complaint, this threshold requirement is satisfied.

With regard to timeliness and prejudice, the Court finds that the other Parties to this action and Phillips will not be prejudiced. The Court set June 21, 2021, as the deadline to join other parties, amend pleading, or file additional pleading, *see* ECF No. 37, and Cleancor timely filed the present Motion. The Court also finds that Phillips's joinder will not substantially complicate the action, and the impact on the timely resolution of this case will not be seriously compromised. The Court concludes that the judicial economy benefits of allowing Cleancor to implead Phillips outweigh any prejudice.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion (ECF No. 39). Therefore, the Court **VACATES** the hearing date set for July 22, 2021, at 1:30 p.m. Cleancor **SHALL**

///

file the third-party complaint attached to its Motion <u>within seven (7) days</u> of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated:  July 19, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge