UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PMA COMPANIES,<br><br>                  Plaintiff,<br><br>v.<br><br>GENOX TRANSPORTATION, INC; APPLIED LNG TECHNOLOGIES, LLC; LAIRD TRANSPORTATION, LLC and DOES 1 through 20, inclusive,<br><br>                  Defendants. | Case No.:  20-cv-2540-GPC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT APPLIED LNG TECHNOLOGIES, LLC'S MOTION TO DISMISS CROSSCLAIMS OF CLEANCOR LNG**<br><br>**[ECF NO. 54]** |

On September 22, 2021, Defendant Applied LNG Technologies, LLC ("Applied") filed the instant Motion to Dismiss Crossclaims of Cleancor LNG, LLC ("Cleancor"). ECF No. 54. On October 20, 2021, Cleancor responded in opposition. ECF No. 56. On October 25, 2021, Applied replied. ECF No. 57. Having considered the parties' filings, the Court finds this matter suitable for disposition on the papers and therefore VACATES the hearing previously set for December 3, 2021. For the reasons discussed below, the Court HEREBY GRANTS IN PART AND DENIES IN PART the Motion to Dismiss.

## I. BACKGROUND

The underlying action arises from a fire that occurred on or around May 25, 2019, on the premises of the Phillips Cattle Company, Inc ("Phillips"). ECF No. 56 at 6. The fire began during the transfer of liquid nitrogen gas ("LNG") from an LNG tank trailer to an above-ground stationary storage tank on the premises. *Id.* Cleancor owned the above-ground tank. ECF No. 54-1; *see* ECF No. 50 at 9. Applied provided the tank trailer filled with LNG which was to fill Cleancor's tank. *Id.* at 10. Applied also contracted with Genox Transportation, Inc. ("Genox") to transport the trailer and to effectuate the transfer of LNG to the above-ground tank provided by Cleancor. *Id.* at 9. Genox then subcontracted the transportation to Laird Transportation, LLC. *Id.*

Plaintiff PMA Companies ("PMA") insured Phillips and filed suit against Defendants Genox, Applied, and Laird Transportation, LLC ("Laird") seeking to recover amounts that PMA paid to Phillips. ECF No. 56 at 7. Applied filed a third-party complaint adding Cleancor and Jason Laird, an individual, into the action. ECF No. 13. Cleancor then filed a crosscomplaint against Genox, Laird, and Jason Laird. ECF No. 38. Cleancor also filed a third-party complaint against Phillips. ECF No. 46. Genox answered Cleancor's crosscomplaint and filed a counterclaim against Cleancor for indemnity, contribution, and declaratory relief. ECF No. 42. After Genox's counterclaim against Cleancor, Cleancor crossclaimed against Applied on the bases of express contractual indemnity, equitable indemnity, negligence, and a claim for declaratory relief. ECF No. 50. Cleancor's crossclaims against Applied expressly incorporate by reference the allegations of the underlying Complaint by PMA against Defendants Genox, Applied, and Laird. *Id.* at 9. Applied now seeks to dismiss Cleancor's crossclaim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 54.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, i.e. whether the complaint lacks either a cognizable legal theory or facts sufficient to support such a theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citations omitted). For a complaint to survive a Rule 12(b)(6) motion to dismiss, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the motion, the Court accepts the allegations in the complaint as true and construes the pleadings in the light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). The court is also not required to accept as true mere legal conclusions. *Id.* Determination of whether a complaint states a plausible claim is "context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663-64. Dismissal without leave to amend is improper unless it is clear that amendment would be futile. *Id.*

## III. CLEANCOR'S CROSS-CLAIMS

### A. Express Contractual Indemnity Against Applied

Cleancor's Answer to Genox's Counterclaim includes a crossclaim against Applied for express contractual indemnity. ECF No. 50 at 10. Cleancor alleges that it entered a contract with Applied requiring Applied to transport the LNG, and that the contract further requires "both parties to indemnify and defend the other to the extent and in proportion to the negligent acts or omissions of the other party and its contractors and agents . . ." *Id.* Cleancor further asserts that "it was Applied or Applied's agents who caused all the damage in this claim and as such, it is Applied who should be providing a

defense and indemnity to Cleancor." *Id.* The contract is attached to Cleancor's Answer and Cross-Claim as Exhibit A. ECF No. 50-1. Paragraph 15 of the contract states: "Each Party shall defend and indemnify the other Party against any claim, demand, cause of action, suit, judgment, lien, damages, fines, penalties, and expenses . . . asserted by any third party . . . arising out of . . . the performance or nonperformance of this Agreement . . . ." *Id.* at 6.

In the instant Motion to Dismiss, Applied argues that Cleancor has failed to state a claim for express contractual indemnity because, *inter alia*, Cleancor does not allege facts showing negligence by Applied or a defect in Applied's equipment, nor does Cleancor sufficiently allege facts showing that the driver who delivered the LNG was an agent of Applied. ECF No. 54-1 at 8, 9. In essence, Applied argues that Cleancor has not shown facts supporting underlying liability to which indemnity would attach.

Applied's argument, however, misapprehends what is required of Cleancor at this early stage in the litigation. Under Applied's argument, Cleancor would need to essentially argue and prove the underlying merits of the dispute for its indemnity claim to survive a motion to dismiss—i.e., Cleancor would need to plausibly show that Applied was actually negligent. This is not the case. When a party asserts a basis for indemnity at the motion to dismiss stage, that party need only plausibly assert that a basis for the indemnity relationship itself exists, regardless of whether or not the party will actually later rely on that indemnity relationship once liability has been determined and allocated. *Garot v. Cnty. of San Diego*, No. 19-cv-1650, 2021 WL 51415, at *4 (S.D.Cal. Jan. 5, 2021) ("Under Rule 13(g), a crossclaim for indemnification or contribution need not be mature at the time of pleading . . . Rather, a crossclaim can be contingent upon the ultimate adjudication of the crossclaimant's liability to plaintiff."). In other words, Cleancor need not allege that it will actually be indemnified in the future, only that Applied might theoretically be held liable for indemnifying Cleancor. Here, Cleancor has

attached the contract between Cleancor and Applied, which, taken as true, provides a basis for potential future indemnity. Cleancor has therefore sufficiently alleged a claim for express contractual indemnity that is plausible on its face. Therefore, Applied's Motion to Dismiss is DENIED as to Cleancor's crossclaim for express contractual indemnity.

### B. Equitable Indemnity Against Applied

Cleancor also asserts a crossclaim of equitable indemnity against Applied. ECF No. 50 at 11. The doctrine of equitable indemnity "permits a concurrent tortfeasor to obtain partial indemnity from other concurrent tortfeasors on a comparative fault basis." *Am. Motorcycle Ass'n v. Superior Ct.*, 20 Cal. 3d 578, 598 (1978). To assert equitable indemnity, there must be a joint legal obligation to the injured party, i.e. "there can be no indemnity without liability." *Prince v. Pac. Gas. & Elec. Co.*, 45 Cal. 4th 1151, 1165 (2009). "Where parties expressly contract with respect to the duty to indemnify, the extent of that duty must be determined from the contract and not by reliance on the independent doctrine of equitable indemnity." *Maryland Cas. Co. v. Bailey & Sons, Inc.*, 35 Cal. App. 4th 856, 873 (1995) (internal quotations and citations omitted). "[W]hen contractual indemnity *is* applicable, the doctrine of equitable indemnity does *not* come into play." *C.L. Peck Contractors v. Superior Ct.*, 159 Cal.App.3d 828, 834 (1984) (emphasis in original); *see also ConocoPhillips Co. v. Pac. Convenience & Fuels, LLC*, 2018 WL 5275494, at *10 (2018) (noting that the existence of express contractual indemnification provision bars resort to equitable indemnification relief); *Patton v. Experian Data Corp.*, No. SACV 17-01559-JVS, 2018 WL 6184773, at *4 (C.D. Cal. Sept. 12, 2018) (finding that equitable indemnity crossclaim fails because party also pled express contractual indemnity).

In the instant case, Cleancor has made clear that an indemnity relationship exists between Cleancor and Applied as a result of an express contractual provision. This

express contractual indemnification provision precludes relief based on equitable indemnification. Thus, Cleancor has failed to state a claim for equitable indemnification upon which relief can be granted, as required by Rule 12(b)(6). Applied's Motion to Dismiss as to Cleancor's equitable indemnification crossclaim is therefore GRANTED. Furthermore, the Court finds that, because of the preemptive effect of the express contractual provision, amendment of Cleancor's equitable indemnification crossclaim would be futile. Amendment is therefore DENIED.

### C. Negligence

Cleancor's third crossclaim for relief against Applied asserts negligence. The elements of a negligence claim under California law are: (1) existence of a duty; (2) breach of that duty; and (3) the breach as the proximate or legal cause of the resulting injury. *Beaver v. Tarsadia Hotels*, 29 F.Supp.3d 1294, 1321 (S.D. Cal. 2014). Cleancor states that Applied had a duty to ensure the agents it hired were properly trained, and that Applied breached this duty. ECF No. 50 at 11. Cleancor also alleges that the equipment "owned and negligently maintained by Applied caused the fire and consequence damage alleged in this action, and Applied is liable for said damage on that basis." *Id.* at 12. In its Motion to Dismiss, Applied argues that Cleancor has not supplied any facts to support its allegations that Applied was negligent, that its equipment was defective, or that Applied knew or should have known that Genox or Laird Transportation lacked necessary training and did not meet all requirements of federal law. ECF No. 54-1 at 14. Cleancor counters that because its claim is derivative of PMA's Complaint and incorporates the Complaint by reference, Cleancor's crossclaims therefore include the claims and allegations set forth in PMA's pleading, and that these provide additional sufficient basis for its crossclaim to survive a motion to dismiss. ECF No. 56 at 10.

In ruling on a motion to dismiss, a court may consider: the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached

to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Toranto v. Jaffurs*, 297 F.Supp.3d 1073, 1084 (S.D. Cal. 2018). Therefore, while Cleancor's allegations in its crossclaim might be insufficient when taken alone, the Court is empowered to look to the allegations in PMA's Complaint which Cleancor incorporates by reference. Considering both Cleancor's crossclaim and PMA's Complaint, the Court finds that Cleancor has sufficiently pled facts supporting a plausible claim of negligence. *See* ECF No. 56 at 10-12 (reiterating specific provisions of PMA's Complaint upon which Cleancor bases its cross-claim). Therefore, Applied's Motion to Dismiss the crossclaim of negligence is DENIED.

### D.    Declaratory Relief

Cleancor's fourth crossclaim against Applied is for declaratory relief. Cleancor asserts that "an actual controversy exists between Cleancor and Applied . . . Cleancor contends that Applied is obligated to defend and indemnify Cleancor, as expressly provided in the Purchase Agreement. Cleancor is informed and believes that Applied disputes its obligation to defend and indemnify Cleancor." ECF No. 50 at 12.

"The fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject." *Otay Land Co. v. Royal Indemnity Co.*, 169 Cal.App.4th 556, 562 (2008) (collecting cases). A declaratory judgment serves to quiet or stabilize a potential justiciable dispute. *Osseous Technologies of America, Inc. v. DiscoveryOrtho Partners LLC*, 191 Cal.App.4th 357, 364 (2010). "Another purpose is to liquidate doubts with respect to uncertainties or controversies which might otherwise result in subsequent litigation. One test of the right to institute proceedings for declaratory judgment is the necessity of present adjudication as a guide for plaintiff's future conduct in order to preserve his legal rights." *Id.* (quoting *Meyer v. Sprint Spectrum L.P.*, 45 Cal.4th 634 (2009)).

Here, Cleancor has alleged a present dispute over whether Applied has an obligation to defend and indemnify Cleancor in connection with the allegations in the PMA Complaint, Genox Crosscomplaint, and other claims alleged against Cleancor in this action. ECF No. 50 at 12. Applied's Motion to Dismiss does not argue that no such dispute exists; instead, it merely posits that "the dismissal of the other claims . . . resolves the fourth claim." ECF No. 54-1. The Court finds that Cleancor has sufficiently alleged an actual controversy between Cleancor and Applied, such that the fourth crossclaim for declaratory relief can survive a Rule 12(b)(6) motion. As such, Applied's Motion to Dismiss the claim for declaratory relief is DENIED.

## IV. CONCLUSION

Accordingly, the Court GRANTS Applied's motion to dismiss the crossclaim for equitable indemnity and DENIES Applied's motion to dismiss as to all other crossclaims against Applied by Cleancor in ECF No. 50. The hearing set for December 3, 2021 shall be VACATED.

**IT IS SO ORDERED.**

Dated: December 1, 2021

Hon. Gonzalo P. Curiel
United States District Judge