UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PMA COMPANIES,<br><br>                       Plaintiff,<br><br>v.<br><br>GENOX TRANSPORTATION, INC., APPLIED LNG TECHNOLOGIES, LLC, LAIRD TRANSPORTATION, LLC and DOES 1 through 20, inclusive,<br><br>                       Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No.:  20-cv-2540-JES-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>**[Dkt. No. 126]** |

Before the Court is the parties' Stipulation and Joint Motion to Modify the Scheduling Order (the "Joint Motion").  Dkt. No. 126.  The parties request that all existing pretrial deadlines be continued by nine months.  *See id.* at 5.

This is the parties' fifth request to modify the pretrial schedule.  *See* Dkt. Nos. 45, 62, 86, 110, 126.  When the Magistrate Judge previously assigned to the case granted the last request (in part), he made clear to the parties that no further continuances would be granted "[a]bsent extraordinary circumstances."  *See* Dkt. No. 113.

It bears repeating here that "[a] scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'"  *Johnson v.*

*Mammoth Recreations, Inc.*, 975 F. 2d 604, 610 (9th Cir. 1992) (citation omitted).  Yet, the Joint Motion and counsel's representations at the March 20, 2023 Status Conference demonstrate that is exactly what has happened in this case: the parties have disregarded Court-ordered deadlines to complete depositions and other discovery, taking it upon themselves to suspend discovery without the Court's leave.  *See* Dkt. No. 126 at 4 (reporting that the parties took "several depositions . . . off calendar" and "postponed" testing of the pressure relief device).  Compounding the problem, the parties waited until ten days before the close of fact discovery to advise the Court of the state of discovery and seek a nine-month extension.

On the record before it, the Court does not find that the parties have demonstrated extraordinary circumstances to warrant a continuation of the pretrial deadlines.  Considering the substantial amount of fact discovery that remains to be completed, however, and to assist the Court in resolving the parties' controversy on the merits, the Court will allow a brief continuance of the fact discovery cutoff.  The Court reiterates that it does not condone the parties' lack of diligence nor their failure to communicate with the Court, which at a minimum "disrupt" the litigation and "undermine the [C]ourt's ability to control its docket."  *Johnson*, 975 F. 2d at 610.

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** the Joint Motion to Modify the Scheduling Order.  Dkt. No. 126.  The Court further orders as follows:

1. All fact depositions shall be completed by all parties by **May 8, 2023**.  No other fact discovery is permitted at this time.

2. The valve inspection referenced at Dkt. No. 102 and page 4 of the Joint Motion shall be completed by **May 8, 2023**.

Except as explicitly modified herein, all deadlines set forth in the Court's November 22, 2022, Scheduling Order [Dkt. No. 113] remain in effect.  Failure to comply with any of the Court's deadlines, procedures and instructions may result in sanctions, including those available under Federal Rule of Civil Procedure 37.  The Court reiterates its

expectation that the parties will proceed expeditiously to complete the remaining fact discovery in this case. *See* CivLR 16.1.b. ("All counsel and parties . . . must proceed with diligence to take all steps necessary to bring an action to readiness for trial.").

**The Court will not continue the foregoing deadlines absent extraordinary circumstances, including a showing that any failure to comply with these deadlines was outside of counsel's and the parties' control**. The parties may renew their motion if any new parties enter the action.

**IT IS SO ORDERED.**

Dated: March 21, 2023

_David Leshner_
Hon. David D. Leshner
United States Magistrate Judge